IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-40585
Summary Calendar

MICHAEL JOSEPH DERROW

Plaintiff-Appellant

v.

UNIDENTIFIED UNIDENTIFIED, U.S. District Clerk; JOHN DOE, Numbered
One Through Ten, All Individually and Under the Capacity of Employment;
UNITED STATES DISTRICT CLERK; UNITED STATES ATTORNEY
GENERAL DEPARTMENT OF JUSTICE; UNITED STATES ATTORNEY FOR
THE EASTERN DISTRICT OF TEXAS; RICHARD BRAZZIL; US
MAGISTRATE JUDGE KEITH F GIBLIN

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:06-CV-137

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael Joseph Derrow, federal prisoner # 03199-286, moves this court to

proceed in forma pauperis (IFP) in this appeal from the district court's dismissal

of his civil lawsuit against several federal officials involved in the prosecution of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Derrow's criminal conviction. The district court dismissed Derrow's suit because it was barred by the principles of res judicata; it was an unauthorized successive 28 U.S.C. § 2255 motion; it was barred by Heck v. Humphrey, 512 U.S. 477 (1994); and it was barred by the statute of limitations. The district court also denied Derrow's request to proceed IFP on appeal, certifying that the appeal was not taken in good faith. Derrow's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Derrow does not address the district court's reasons for dismissing his lawsuit. Because he fails to identify any error in the district court's analysis, the argument is abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Derrow has not shown that he will present a nonfrivolous issue on appeal. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of Derrow's lawsuit by the district court as frivolous and the dismissal of this appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Derrow is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.